

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNETH DAVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-711-A |
| | § | |
| FIRST COMMAND FINANCIAL | § | |
| SERVICES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for decision is a petition filed by plaintiff, Kenneth Davey, ("Davey") to compel defendants, First Command Financial Services, Inc., First Command Bank, and First Command Financial Planning, Inc. (collectively, "First Command"), to comply with the provision of an arbitration agreement between Davey and First Command that requires that an arbitration proceeding pursuant to the agreement affecting Davey not be consolidated with any other arbitration proceeding between First Command and any other person. The court has concluded that the relief sought by Davey should be granted.

I.

Pertinent Background Facts

In August 2005 Davey and First Command entered into a Financial Advisor/Agent Agreement ("Agreement") concerning Davey's representation of First Command in the providing to the public of advisory services and financial products of First Command. First Command's response to petition ("Response"), App. at 75-84. The Agreement provided (1) that "[a]ll controversies, disputes, or claims between [Davey] and First Command arising out of and/or relating to this Agreement shall be submitted for binding arbitration to the NASD, and such arbitration proceedings shall be heard in accordance with the then current NASD Code of Arbitration Procedure . . . ," id. at 83, ¶ 16.a, and (2) that:

> The parties hereto agree . . . that an arbitration proceeding between [Davey] and First Command may not be consolidated with any other arbitration proceeding between First Command and any other person.

Id. at 83-84, ¶ 16.d.

After the business relationship between Davey and First Command terminated, disputes between them arose. In May 2009 Davey filed a lawsuit against First Command in a state court of California seeking relief from what he alleged were breaches by First Command of their post-termination obligations to him and

for a declaration concerning his rights to engage in certain business activities that First Command had maintained would be in violation of provisions of the Agreement.

Shortly after the California action was filed, First Command filed an action against Davey in this court, which was assigned to the undersigned, asking this court to enter an order enjoining Davey from proceeding in the California action. Id. at 66-73. First Command maintained that the arbitration provisions in the Agreement prohibited Davey from pursuing his claims for relief in court, and that Davey was obligated to submit to arbitration all claims for relief he was asserting in the California action. First Command alleged that they were entitled to an order compelling Davey to submit his claim to arbitration "in accordance with the terms of the Agreement and 9 U.S.C. § 4." Id. at 72.

In June 2009 First Command and Davey submitted to the court in First Command's action a Joint Motion for Entry of Agreed Order Compelling Arbitration and Agreed Final Judgment, id. at 188, with which they submitted a proposed Agreed Order Compelling Arbitration and Agreed Final Judgment, id. at 191-96. On June 11, 2009, the court signed each of those documents. The Agreed Order Compelling Arbitration ordered (1) that First Command and

Davey "proceed to arbitration as to all controversies, disputes, or claims between [First Command], on the one hand, and [Davey], on the other, <u>as contemplated by the Financial Advisor/Agent Agreement</u> . . .," <u>id.</u> at 198 (emphasis added), and (2) that "such arbitration be conducted with the Financial Industry Regulatory Authority ('FINRA'), formerly the National Association of Security Dealers ('NASD') . . .," <u>id.</u>  Davey was ordered to take within five days from the date of the order whatever steps were necessary to cause his California action against First Command to be dismissed without prejudice.  The Agreed Final Judgment formalized in judgment form the same rulings that were made in the order.

Shortly after the agreed order and agreed final judgment were signed, First Command filed with FINRA their statement of claim initiating an arbitration proceeding against Davey consolidated for arbitration with claims against two other former representatives, Barry D. Todd and Doyel Price, with whom First Command apparently have post-termination disputes similar to those they have with Davey.  <u>Id.</u> at 259.  In September 2009 Davey filed in the arbitration proceeding, combined in a single document, a motion to sever, motion for change of hearing location, motion for realignment as claimant, original answer to

statement of claim, and counterclaim. Id. at 305. In the severance feature of the motions, Davey primarily relied on the provision of the agreement that prohibited the consolidation of an arbitration proceeding between him and First Command with any other arbitration proceeding between First Command and any other person. Id. at 313.

In November 2009 First Command responded to Davey's motions. The part of the response directed to the motion for severance asserted reliance on an FINRA rule (Rule 13313) that provides:

> (a) One or more parties may name one or more respondents in the same arbitration if the claims contain any questions of law or fact common to all respondents and:
>
> - The claims are asserted against the respondents jointly and severally; or
>
> - The claims arise out of the same transaction or occurrence, or series of transactions or occurrences.

Id. at 363-64. In direct response to Davey's reliance on the contract provision prohibiting the consolidation of arbitration proceedings, First Command argued that:

> The provision does not prohibit the naming of multiple respondents in the same proceeding; rather, it only states that one proceeding may not be "consolidated with any other arbitration proceeding." The provision does not apply to this case, which is one proceeding

5

>  with multiple respondents -- there has been no motion
>  to consolidate this case into some other proceeding.

Id. at 372.

On December 24, 2009, the case administrator assigned to administer and manage FINRA arbitrations informed First Command and Davey, through their respective attorneys, that she was denying Davey's motions without prejudice with the intent that Davey could again raise his motions with the arbitration panel for reconsideration. Id. at 383-86. In the meantime, on December 2, 2009, Davey filed his Petition to Compel Arbitration that now is before the court for consideration. The petition has as its goal enforcing compliance with the provision of the Agreement prohibiting consolidation of arbitration proceedings. Davey alleged that his action was brought pursuant to 9 U.S.C. § 4 "by a party aggrieved by the failure of another to honor an arbitration clause contained in a written agreement." Pet. to Compel at 2, ¶ 8. He complained that First Command filed a consolidated arbitration proceeding against him and two other agents in violation of the mandate of the Agreement against consolidating his arbitration proceeding with others.

Following a telephone conference/hearing on January 21, 2010, during which counsel for all parties were in attendance,

6

First Command filed their response to Davey's petition, arguing that (1) the petition is an improper attempt to seek a judicial ruling on a matter of arbitration procedure, (2) that the parties expressly agreed to have the arbitrators, and not a court, decide the issue in dispute, (3) that Davey is impermissibly seeking an interlocutory appellate ruling from FINRA's denial of his request for severance, (4) 9 U.S.C. § 4 does not provide for the relief Davey seeks in this action, (5) the issue raised by Davey's petition is subject to mandatory arbitration, (6) the petition constitutes a violation of FINRA's rules that Davey agreed to follow, and (7) the provision of the Agreement upon which Davey relies does not prohibit multiple respondents.

## II.

## Analysis

The argument of First Command that the Agreement's prohibition against consolidation of arbitration proceedings "does not prohibit the naming of multiple respondents in the same proceeding" and "does not apply to the ongoing arbitration proceeding, which is one proceeding with multiple respondents-- the arbitration proceeding was not consolidated into any other proceeding," Resp. at 19, ¶ 42, fails to recognize a fundamental rule of contract interpretation that "[w]ords in a contract must

be given their usual and ordinary meaning," Robin v. Sun Oil Co., 548 F.2d 554, 557 (1977). The very first dictionary definition of the word consolidate is "to join together (as two or more items into one unit or whole)." Webster's Third New Int'l Dictionary 484 (2002). Obviously, First Command consolidated the arbitration proceeding between them and Davey with arbitration proceedings between them and other persons when they joined their claim against Davey together with their claims against Barry T. Todd and Doyel Price in a single arbitration proceeding. Thus, unless the non-consolidation provision in the Agreement is to be ignored, First Command breached the Agreement when they filed the arbitration proceeding in which they consolidated Davey's arbitration with arbitration between First Command and two other persons.

Equally unpersuasive is First Command's contention that the general provision in the Agreement that disputes or claims between Davey and First Command are to be submitted for arbitration to the NASD and that such arbitration proceedings are to be heard in accordance with the then current NASD Code of Arbitration Procedure, Resp. at 11-13, ¶¶ 26-27, negates the Agreement's specific prohibition against consolidation of

8

arbitrations. That contention overlooks the basic rules of contract interpretation that:

> (c) specific terms and exact terms are given greater weight than general language;
>
> (d) separately negotiated or added terms are given greater weight than standardized terms or other terms not separately negotiated.

Restatement (Second) of Contracts § 203(c) & (d) (1981). See also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil, 289 F.3d 373, 377 (5th Cir. 2002) (holding that general provisions of the arbitration agreement there at issue could not prevail over a specific provision to the contrary). When the parties to the Agreement put the non-consolidation provision in it they evidenced a clear intent that the specific provision would control over any contradictory provision that might be found in the general reference in the Agreement to the NASD and its current code. Otherwise, the non-consolidation provision would be rendered meaningless. For the same reasons, First Command's reliance on the general language of the Agreement concerning the scope of arbitration is without merit.

If the general references in the Agreement to the NASD and its then current Code of Arbitration Procedure or the general arbitration language were to be permitted to prevail over the

9

specific non-consolidation language, yet another basic rule of contract interpretation would be violated, i.e., that contracts should be interpreted to avoid neutralizing or ignoring any words used in the contract or treating them as surplusage or rendering them meaningless. Id. at 376-77.

In the final analysis, the thrust of First Command's grounds in opposition to Davey's petition is that the sanctity courts have given in certain circumstances to arbitration proceedings should prevail over Davey's reliance on the non-consolidation prohibition of the Agreement and any right Davey otherwise might have had to enforce the contract. First Command gives their contractual commitment less dignity than the Supreme Court requires. As the Supreme Court explained in Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." 489 U.S. 468, 476 (1989) (emphasis added). In Mastrobuono v. Shearson Lehman Hutton, Inc., the Supreme Court interpreted its Volt Information holding to be that "the [Federal Arbitration Act's] proarbitration policy does not operate without regard to the wishes of the contracting

10

parties." 514 U.S. 52, 57 (1995). The Court added the observation that "courts are bound to interpret contracts in accordance with the expressed intentions of the parties--even if the effect of those intentions is to limit arbitration." Id. at 57. Davey and First Command could not have more clearly expressed than they did in the Agreement's non-consolidation provision their intent that "an arbitration proceeding between [Davey] and First Command may not be consolidated with any other arbitration proceeding between First Command and any other person." Resp., App. at 83-84, ¶ 16.d. Not only is this court bound to interpret the Agreement in accordance with the expressed intentions of the parties, the court is obligated to enforce those intentions when called upon to do so, as Davey has done in this instance.

The Agreement's non-consolidation provision is clear and unambiguous. To whatever extent First Command might argue that the prohibition is ambiguous, the Supreme Court in Mastrobuono gave effect to a common law rule of contract interpretation that would be equally applicable here--that is, "that a court should construe ambiguous language against the interest of the party that drafted it." Mastrobuono, 514 U.S. at 62-63.

11

First Command's argument that applicability of the Agreement's non-consolidation provision is, itself, an arbitrable question that must be resolved by the arbitrator rather than the court lacks merit. There is nothing in the Agreement that would remotely hint that the contracting parties intended that the legal effect to be given to the non-consolidation provision in the Agreement was a matter to be determined by an arbitrator instead of a court. There certainly is nothing in the Agreement to suggest that Davey agreed to have the legal effect of the non-consolidation provision decided by an arbitrator. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 946-47 (1995). A holding that applicability of the non-consolidation provision is not an arbitrable matter is consistent with principles stated by the Supreme Court in First Options as follows:

> [G]iven the principle that a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration, one can understand why courts might hesitate to interpret silence or ambiguity on the "who should decide arbitrability" point as giving the arbitrators that power, for doing so might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide.

Id. at 945.

While there are procedural questions that grow out of arbitration disputes that presumably are to be decided by the

arbitrator rather than the court, Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002), the legal effect to be given to the non-consolidation provision is not a question that fits in that category. Rather, it is a question of a kind that the "contracting parties would likely have expected a court to have decided" and that "they [were] not likely to have thought that they had agreed that an arbitrator would do so." Id. at 83.

The applicability of the non-consolidation provision is not a procedural question growing out of the dispute that bears on its final disposition. Instead, is a question that determines at the outset the form the arbitration is to take. Such a question traditionally would be reserved for the court, not the arbitrator; and, there is no reason to think that the contracting parties would have expected the arbitrator rather than the court to resolve a dispute over that issue. There is nothing in the experience of the arbitrators that would cause them to be better qualified than the court to resolve such a dispute.

The court is not persuaded that the fact that Davey first sought relief by a motion he filed in the consolidated arbitration proceeding caused him to lose his right to seek court enforcement of the Agreement's requirement that an arbitration

against him proceed on an unconsolidated basis. See First Options, 514 U.S. at 946 (saying "merely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate that issue, i.e., a willingness to be effectively bound by the arbitrator's decision on that point."). Davey did what almost any person would have done at the outset by pursuing what would appear to be an expeditious avenue for enforcement of his contractual rights. Davey just as reasonably declined to further pursue the matter through the arbitration process once he realized that a summary resolution through that process was not to be forthcoming.

The court has concluded that Davey should have the relief sought by his petition through an order compelling First Command to pursue their claims against Davey in an arbitration proceeding between First Command and Davey that is not joined together with arbitration between First Command and any other person.

A remaining concern the court has, which neither party has addressed, is whether the relief Davey seeks should have been sought in the form of a post-judgment motion filed in First Command's action against Davey that resulted in the June 11, 2009, Agreed Order Compelling Arbitration and Agreed Final Judgment. Supra at 3-4. Implicit in the June 11, 2009, order

14

and judgment was a directive to First Command, as well as Davey, that whatever arbitration proceeding was initiated would be consistent with the arbitration requirements of the Agreement, which would include the requirement that an arbitration proceeding affecting Davey not be consolidated with any other arbitration proceeding between First Command and any other person. First Command appears to have violated the court's order and final judgment. However, the court has concluded that, while Davey undoubtedly could have sought post-judgment relief against First Command for violating the implicit directives of the court's June 2009 rulings, Davey had the alternative of filing the petition now under consideration as a separate action.

Section 4 of title 9 of the United States Code authorizes a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration to petition a district court "for an order directing that such arbitration proceed in the <u>manner provided for in such agreement</u>." 9 U.S.C. § 4 (emphasis added). Davey has requested by his petition that First Command be ordered to cause their arbitration proceeding against him to proceed in the manner provided by the Agreement. He is entitled to such an order. The court is conscious of the language in § 4 suggesting that court

15

action pursuant to that section would not be appropriate if failure to comply with the Agreement for arbitration is in issue. However, the court is satisfied that even if Davey were not relying on § 4, this court nevertheless would have the authority and power to compel First Command to comply with the provisions of the arbitration agreement they presented to the court in their own suit with the request that arbitration be enforced pursuant to the Agreement, bearing in mind that the court, in fact, ordered in response to First Command's suit that arbitration be conducted "as contemplated by" the Agreement.  <u>Supra</u> at 4.

### III.

### Order

Therefore,

The court ORDERS that First Command promptly take such steps as are necessary and appropriate to cause the arbitration proceeding they have instituted against Davey to be restructured in such a way that it is a proceeding solely between Davey and First Command, and that it is not joined with any other arbitration between First Command and any other person.

The court further ORDERS that First Command file in this action by February 19, 2010, a report informing the court of steps they have taken pursuant to the directive of the

immediately preceding paragraph of this order and whether they have been successful by those steps in accomplishing a severance of the arbitration proceeding between Davey and First Command from the arbitration between First Command and any other person.

SIGNED February 5, 2010.

JOHN McBRYDE
United States District Judge